FILED
United States Court of Appeals
Tenth Circuit

February 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID DANIEL VIGIL,

        Plaintiff - Appellant,

    v.

IMA JEAN HUGHES,

        Defendant - Appellee.

No. 12-2196

(D. New Mexico)

(D.C. No. 1:12-CV-01101-RB-RHS)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **MURPHY**, Circuit Judges.

David Vigil appeals the dismissal of his quiet-title action by the United States District Court for the District of New Mexico. The court ruled that it lacked subject-matter jurisdiction because the complaint did not raise a federal question. We affirm.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[*]After examining the brief and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the brief without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted). "The presence of a federal issue" in a case is not sufficient to confer federal-question jurisdiction, *id.* at 1235; rather, the federal issue must be one that is "actually disputed and substantial." *Id.* at 1236 (internal quotation marks omitted).

Vigil's complaint asserted that defendant Ima Jean Hughes's claim to 160 acres of land near Santa Fe, New Mexico, "is in error in its boundary claims," R. at 5, apparently because that acreage overlaps what Vigil claims to be the boundaries of land he obtained from his grandmother. The complaint also asserted that "Federal Courts have proper and adequate jurisdiction," over the quiet-title claim because the claim to the land by Vigil's grandmother arose out of "Land Grant(s), from Spain via the Guadalupe Hidalgo treaty Between Spain and the United States." *Id.* at 12, (emphasis and internal quotation marks omitted).[1]

The district court found no federal-question jurisdiction over the quiet-title claim, noting that "[Vigil's] quiet-title action is not created by federal law," and

---

[1] In addition, the complaint cited the civil-rights statute, 42 U.S.C. § 1983, as a basis for relief; but the district court found no basis for a § 1983 claim because Vigil failed to allege that Hughes (a private landowner) acted under color of state law. That decision is not before us, because Vigil failed to challenge it on appeal.

explaining that his alleged right to relief "does not depend on the proper interpretation of [the Treaty of Guadalupe Hidalgo], but, rather, on the strength of the various deeds in the chain of title to which he claims an interest." *Id.* at 25 (Order at 4, *Vigil v. Hughes*, No. 12cv1101 RB/RHS (D. N.M. Oct. 31, 2012).

We agree with the district court. There is no general federal cause of action for quieting title to land. And Vigil's "right to relief" does not "depend[] on resolution of a substantial question of federal law." *Nicodemus*, 440 F.3d at 1232 (internal quotation marks omitted). The only federal issue he asserts on appeal is that his grandmother's original claim was based on a federal treaty. But even accepting that contention as correct, this historical fact does not raise a "federal issue . . . that is actually disputed and substantial." *Id.* at 1235–36 (internal quotation marks omitted). *See also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). There is, for example, no need to construe the Treaty of Guadalupe Hidalgo. Regardless of the origins of his grandmother's interest in the land, Vigil's complaint concerns only the boundaries in competing deeds. The construction of deeds is a question of state law. Vigil has failed to point to any question of federal law that must be answered to resolve this dispute. Therefore, the district court properly dismissed the claim for lack of federal-question jurisdiction.

We AFFIRM the district court's order dismissing Vigil's action.  We
GRANT his request for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge